Affirmed and Majority and Dissenting Opinions filed August 30, 2007








Affirmed
and Majority and Dissenting Opinions filed August 30, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00390-CR

____________

 

ARSENIO CARLOS CLARKE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 1021640

 



 

D I S S E N T I N G   O P I N I O N

I
respectfully dissent.  

The majority holds that appellant failed to preserve error
for appellate review.  I disagree.  In my opinion, appellant=s complaint has
been preserved for review, and accordingly, we should reach the merits of
appellant=s complaint.

 

 








I.        Appellant=s Motion for New
Trial and Request for Hearing

Appellant timely filed a motion for new trial seeking a new
punishment hearing.  The motion states in part:

The punishment verdict is contrary to the law and
the evidence.  See Tex. R. App. P. 21.3(h). 
Specifically, the presentence investigation report in this case contained
totally unfounded allegations from the Complainant=s mother, M.M., that the Defendant
had molested his own sister.  M.M. is  quoted in the report as stating that Ashe had an intuition that perhaps
the defendant=s sister had a similar experience
with her brother the defendant, but was afraid to relate the experience to
anyone.@ 

Attached to this motion is the affidavit of the
Defendant=s sister, C.C., in which she: (1)
flatly denies any such improper conduct by her brother, and (2) points out that
in any case, M.M. barely knows her and was therefore in no position to form any
Aintuition@ about her, or to impute any fear
to her.

As is typically the case, the presentence
investigation report was only made available to the defense shortly before the
sentencing hearing on March 22nd.  This provided inadequate time for (the
sister) to travel from her home in New York to Houston to refute the erroneous
and harmful suggestions made by the Complainant=s mother. Simply, the defense was blindsided by
allegations of an extraneous offense that the supposed victim of such offense
would have been anxious to refute.  This denied the defendant the effective
assistance of his counsel, in violation of the Sixth Amendment to the United
States Constitution. Defense counsel found himself in the unenviable and unfair
position of being faced at the last minute with an allegation of an extraneous
offense with no time to bring witnesses to refute such allegation, or even to
fully investigate the claim.  Although M. M. did testify at the hearing,
counsel was faced with the choice of either questioning her about the supposed
extraneous offense without having had any time to investigate such claim, and
not knowing what details might emerge surrounding the claim, or leaving the
matter alone.  Either way, counsel was left unable to render effective
assistance to his client due to the harmful allegations included in the
presentence report through the hearsay testimony and speculation of M.M.








Appellant=s motion for new trial complains that the circumstances
of the PSI report that contained harmful and untruthful allegations, which was
presented without adequate time for defense counsel to investigate and prepare
a rebuttal, resulted in the denial of a fair hearing with
effective assistance of counsel.

II.       Hearing
on Motion for New Trial 

At the hearing on appellant=s motion for new
trial, conducted pursuant to an Order of this Court, appellant submitted
newly-learned additional evidence in support of his position that he was
entitled to a new trial on punishment because he was denied a fair punishment
hearing:

Your Honor, just in the way of making sure that our
objection and our grounds here at this level are also grounds that are argued
on appeal, so that there=s no misunderstanding.  We have
raised in our motion the matter of there being an extraneous offense that was
attributed to Mr. Clark who was the defendant in the PSI report that both - -
that essentially he may have molested his sister in New York, C.C.  She has
provided an affidavit that that never happened.  And the mother of the
complainant to whom the remark was attributed in the PSI has also now provided
an affidavit saying that she never told anyone that she had been told that by
the sister.

The mother of the complainant goes on to say in her
affidavit that she was asked prior to the sentencing hearing - - prior to the
PSI hearing by the prosecutor whether the defendant - - whether she knew of the
defendant=s having molested his sister.  The
mother of the complaint said no, she knew nothing about that.  So, the
prosecutor had that information prior to the sentencing hearing.

And we are arguing as part of what
is in the motion for new trial that the prosecutor had a duty at that point to
inform defense counsel that this matter that=s in the sentencing report is
false.  This
extraneous offense didn=t happen according to the sister as
evidenced by the affidavit.  But at the time the prosecutor knew that
because the mother of the complainant was telling her I don=t know anything about that sort of
thing.  And it was
imputed to her in the sentencing report.  So, there=s an extraneous offense in the PSI
that clearly didn=t happen much less being proven
beyond a reasonable doubt.








And that was never objected to by defense counsel. 
And I want to make a point about that.  This is not an ineffective
assistance claim.  It never was.  If you look closely at the motion for new
trial, I argue that the defendant was denied effective assistance of his counsel
through no fault of counsel.  Counsel came in on the morning of the PSI
hearing.  Saw the PSI for the first time.  It may have been the day before, it=s in his affidavit.  Saw this
extraneous offense in there and was sort of caught between a rock and a hard
place.  He didn=t know whether to - - he did object
to it.  But did not go into it during questioning of the complainant=s mother, to whom the remark was
made because he had not had time to investigate this.

He asked the defendant about it.  He said I=ve never done such a thing.  But he
was left with really a dilemma, do I make a real issue out of this and bring up
an extraneous that may have all sorts of damaging facts or not.  It turns out
this is a completely false allegation that somehow made its way into the
presentence report.  And what is particularly alarming is that the prosecutor
apparently knew about it before the sentencing.  Took no steps to alert the
Court or defense counsel that this exculpatory evidence - - that there was
exculpatory evidence, namely the falsity of this extraneous offense.

So, these are our grounds that we=re presenting for the motion for
new trial.

THE COURT: All right.  State, any rebuttal? 
Anything?

THE STATE: No, Your Honor.

 

(Emphasis
added).

III. 
Analysis

At the hearing on appellant=s motion for new
trial, consistent with the grounds asserted in the motion, the trial court was
presented with unobjected-to evidence and argument that the circumstances
of the PSI report which, with full knowledge of the prosecutor, contained
harmful and untruthful allegations, and which was presented without adequate
time for defense counsel to investigate and prepare a rebuttal, resulted in the
denial of a fair hearing with effective assistance of counsel.








On appeal, appellant has chosen to focus on one part of his
argument, i.e., that the prosecutor=s use of damaging
evidence that the prosecutor knew was falseCthe prosecutor=s failure to
inform the trial court or defense counsel that the false allegations should be
removed from the PSI report and not consideredCresulted in an
unfair punishment hearing, and therefore an unfair sentence.  This argument,
with evidence, was presented to the trial court, and thus has been preserved
for appeal. 

It is not fatal to appellant=s case on appeal
that he did not cite specific constitutional provisions to the trial court in
support of his argument.  From the bolded portions of his argument above, it
was clear that appellant was making a ABrady error@[1] type argument. 
The constitutional principles requiring disclosure of evidence favorable to an
accused and the prohibition on knowingly using false evidence to convict are
basic to the due process of law mandated by the Fourteenth Amendment, and such
rights are equally applicable to  the due course of law rights identified in
Art. I, '19 of the Texas
Constitution.  See Brady, 373 U.S. at 87, 83 S.Ct. At 1196; Ex Parte
Adams, 768 S.W.2d 281, 293 (Tex. Crim. App. 1989).   Enforcing these rights
Ais not punishment
of society for misdeeds of a prosecutor but avoidance of an unfair trial to the
accused.@  Brady,
373 U.S. at 87, 83 S. Ct. at 1196; Adams, 768 S.W.2d at 293.  To the
extent that an appellate record adequately shows that the trial court and
opposing counsel are aware of the grounds for a defendant=s objection or
position, a general statement or argument preserves the complaint for appellate
review.  See Wyborny v. State, 209 S.W.3d 285, 291 (Tex. App.CHouston [1st
Dist.] 2006, pet. ref=d) (citing Samuel v. State, 688
S.W.2d 492, 494 (Tex. Crim. App.  1985)). 

Here, similar to Wyborny and Samuel, appellant=s statement of his
position was clear enough to put the court on notice as to the nature of his
complaint, i.e., Brady error, and 








therefore,
to preserve error on appeal. We should reach the merits of his complaint. 

 

 

 

/s/      Margaret Garner Mirabal

Senior Justice

 

Judgment rendered and Majority and
Dissenting Opinions filed August 30, 2007.

Panel consists of Justices Anderson
and Frost and Senior Justice Mirabal.[2] 
(Frost, J., majority).

Publish C Tex.
R. App. P. 47.2(b).

 









[1]  Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194
(1963). 





[2]  Senior Justice Margaret G. Mirabal sitting by
assignment.